IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 19, 2012 Session

## JAMES D. HOLDER and BARBARA L. HOLDER v. S & S FAMILY ENTERTAINMENT, LLC

**Direct Appeal from the Circuit Court for Sumner County**
**No. 83CC1-2011-CV-725      C. L. Rogers, Judge**

**No. M2011-00601-COA-R3-CV - Filed November 7, 2012**

Plaintiff purchased family entertainment center businesses from defendants and it leased, from defendants, buildings in which the entertainment centers were operated. Plaintiff also purchased certain assets from defendants, but a dispute ultimately arose regarding certain assets' inclusion within the sale. At the expiration of the building leases, defendants filed suit claiming that plaintiff had damaged their property, that plaintiff had improperly removed certain items from the buildings, and that it had failed to remove other items which it should have removed. Plaintiff filed an answer and counterclaim asserting ownership of the allegedly damaged, improperly removed, and non-removed property, and further claiming that defendants had reneged upon an agreement to sell it one of the buildings at issue. The trial court entered a brief order awarding defendants damages and dismissing plaintiff's counterclaim. Plaintiff moved the trial court to alter or amend its judgment and for entry of a final order. The trial court denied plaintiff's motion, finding there were no remaining issues in need of resolution. We find that the order appealed is not a final judgment, and therefore, that this Court lacks jurisdiction in this matter. Thus, we must dismiss this appeal and remand to the trial court for appropriate findings and entry of a final order.

**Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed and Case Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Aubrey B. Harwell, Jr., Gerald D. Neenan, Nashville, Tennessee, for the appellant, S & S Family Entertainment, LLC

James L. Smith, Karen Keyes Diner, Hendersonville, Tennessee, for the appellees, James D. Holder and Barbara L. Holder

## OPINION

### I. FACTS & PROCEDURAL HISTORY

In 2001, S & S Family Entertainment, LLC ("S & S") purchased two "family entertainment center" businesses in Hendersonville and Gallatin, Tennessee, from James D. Holder, Barbara L. Holder, (collectively the "Holders") and Holder Family Fun Centers, Inc. Pursuant to ten-year "Shopping Center Lease[s]" expiring May 31, 2011, S & S leased the buildings in which the entertainment centers would be operated. As relevant to this case, the leases provided the following:

> 13(a) Lessee [S & S] will keep, at its own cost and expense, maintain and keep the Demised Premises, including without limitation, all interior walls, doors, plate glass, floors, ceilings, windows in the storefront, showcases, skylights, electrical facilities and equipment, all plumbing sewage, electrical, sprinkler and HVAC systems (to the extent the same are located within the Demised Premises or serve only the Demised Premises) and light fixtures, as clean and in as good repair as same are at the Commencement Date or may be put in during the continuance thereof, reasonable wear and tear and damage by fire, other casualty, or condemnation excepted . . . .

> (b) Without limiting subsection 1[3](a) above, Lessee will keep the Demised Premises in such repair and condition as may be required by the Board of Health and all other applicable city, state or federal authorities, all at Lessee's cost and expense.

> . . . .

> (d) Lessee, at its sole cost and expense, shall repair any damage to the Demised Premises, the Shopping Center or the Common Areas caused by any act or neglect of Lessee, its employees, agent, invitees or licensees, ordinary wear and tear excepted. If Lessee shall fail to commence such repairs within twenty (20) days after receiving notice from Lessor or to complete such repairs within a reasonable time after such notice, Lessor may cause such repairs to be made and/or completed at Lessee's expense, and Lessee shall immediately reimburse Lessor therefor.

> . . . .

> 16. <u>Alterations</u>. Lessee shall not permit alterations of or upon any part of the

Demised Premises, or additions or improvements to the Demised Premises, without first obtaining the written consent of Lessor in each such instance. . . .

. . . .

19. Surrender. . . . At or before the expiration or termination of the Lease, Lessee may remove all the trade fixtures including, but not limited to, all assets purchased under the Contract for Sale by and between Lessor and Lessee and owned by Lessee that can be removed without irreparable injury to or defacement of the Demised Premises, provided (a) all rents have been paid in full, (b) Lessee is not otherwise in default under this Lease, and (c) all damage to the Demised Premises caused by such removal is properly repaired.

The parties also executed a "Contract for Sale" whereby S & S purchased certain assets from the Holders. The Contract for Sale provided that

In consideration of the sum of TWENTY FIVE THOUSAND ($25,000.00) DOLLARS earnest money deposited as part payment of the purchase price with Escrow Agent and the balance of the purchase price[1] to be paid as set forth herein, SELLERS do hereby sell, assign, transfer, set over and convey unto PURCHASER, and PURCHASER hereby agrees to purchase, free and clear of all security interest, liens, charges, claims and encumbrances, except as hereinafter set forth, the following Businesses and assets conducted by SELLERS *and necessary to continue the operation in the manner heretofore operated* at the locations indicated[,] the following Businesses and assets being more particularly described as follows, to wit:

(emphasis added). Attached to the Contract for Sale was an "Asset List" specifically listing numerous items conveyed to S & S, including the item type, the quantity of each item, and each item's room location within either the Hendersonville or Gallatin facility.

On June 14, 2011, the Holders filed a Complaint in the Sumner County Circuit Court claiming, among other things, that S & S had defaulted on its lease obligations because, at lease expiration, two HVAC units at the Hendersonville property remained in disrepair and because S & S had made alterations to the leased premises without the prior written consent of the Holders–for example, S & S allegedly removed a roller coaster and it substituted both

---

[1]The total purchase price was $5,500,000.00, plus inventory.

a roller skating rink for an ice skating rink and a "Gyro Extreme" for the "Dynamax Motion Theater." The Holders further complained that S & S had failed to leave the premises in as good a condition as at lease inception, ordinary wear and tear excepted. Specifically, the Holders claimed the following damage:

> Damage to the Hendersonville leased premises includes, but is not limited to, damaged and missing doors and door hardware, damaged brick work, missing and damaged fixture and plumbing in the restrooms, missing or damaged neon lighting, broken floor tiles, damaged plumbing in kitchen areas, damaged ceiling, inoperable emergency exit signs and lights, damaged dry wall, inoperable water heater, damage to the electrical systems and missing bowling lane foundation parts.
>
> . . . .
>
> Damage to the Gallatin leased premises includes, but is not limited to, damaged doors and door hardware, damage to the electrical system, inoperable ceiling fans, missing bowling lane foundation parts, and damaged carpet. The Defendant [S & S] also left debris in the leased premises parking lot, which debris accumulated as a result of the Defendant's move from the leased premises.

Finally, the Holders claimed that when vacating the premises, S & S had removed items which it should not have removed, and that it had failed to remove other items which it should have removed. Specifically, the Holders claimed that S & S had improperly removed "the Ans[u]l [fire] systems and exhaust fans; the bumper car floor and transformer; two (2) 'Family Fun Center' neon signs; signs attached to the front of the building; all fire extinguishers; menu boards; and a washer and dryer." The trial court entered a Temporary Restraining Order on June 14, 2011, ordering that S & S "refrain from altering, destroying, selling, conveying, or in any way disposing of" the items which the Holders claimed S & S had improperly removed.

S & S filed its Answer and Counterclaim on September 13, 2011, denying that it was in default of the leases–contending that two HVAC units were inoperative at lease inception and that the alterations in question did not require physical alterations to the building, itself–and claiming that the Holders had failed to provide sufficient notice of any alleged default. S & S further claimed, among other things, that it owned the assets allegedly damaged or improperly removed, and, due to its alleged ownership, it denied that it was under any duty to remove assets which the Holders claimed it should have removed. Citing the Contract for Sale, S & S claimed ownership of all assets "necessary to continue the

-4-

operation [of the businesses] in the manner heretofore operated" regardless of whether those assets were specifically included in the attached Asset Lists. According to S & S, "[a]ll of the assets in dispute were necessary to continue the operation of the businesses in the manner in which they had been operated by the Holders and therefore were sold by the Holders to S & S." Finally, S & S asserted, as a counterclaim, that it had reached an agreement with the Holders regarding a purchase of the Hendersonville property, that it had spent over $75,000 in reliance upon that agreement, and that the Holders had subsequently reneged upon the agreement and refused to close the sale.

A trial was held on October 17 and 18, 2011. Thereafter, the trial court entered an Order, which stated in its entirety:

> Plaintiff Lessor and Defendant Lessee entered into a lease of commercial premises of a bowling center in Hendersonville, Tennessee and a bowling center in Gallatin, Tennessee. The parties also entered into a contract of sale of business assets of said bowling centers. Upon expiration of the lease, a dispute arose regarding building damages at lease surrender and a dispute as to certain items['] inclusion in the asset sale.

> Damage to real property and improvements is limited to cost of repair or diminution in value of the property whichever is less. Defendant had the obligation of repair and maintenance during the lease. Defendant had the obligation to surrender the lease premises in as good of condition and repair as existed at lease commencement. At lease commencement, the Hendersonville building was approximately 26 years old and 36 years old at surrender. The Gallatin building was approximately 9 years old at commencement and 19 years old at surrender. The Hendersonville HVAC systems were 36 years old at lease surrender. The Gallatin HVAC systems were 18 years old at lease surrender. Life expectancy of all the HVAC units were presumed to be only 10 to 12 years. The HVAC [units] were in good working order considering the[ir] age at lease commencement. At lease surrender, one unit had been found to have been strip[p]ed of its parts.[2] It was recommended other units be replaced due to age rather than continued repairs. Building doors were shown to have deteriorated including rusted metal. Defendant admitted damage to a front door, but no proof was offered as to its

_____

[2]It is unclear whether this unit is one of two units allegedly abandoned prior to lease commencement.

cost of repair.[3] The ans[u]l system is a fire containment system and found to be part of the kitchen hood and exhaust systems.[4] The asset purchase of restrooms is found to have been for supplies inventory not fixtures.

Plaintiff is awarded a judgment against the Defendant as follows:

| | |
|---|---|
| Bowling lanes particle board - | $17,262.00 |
| Plumbing repairs to restrooms - | $11,491.00 |
| Removal of refrigeration - | $10,000.00 |
| Removal of Dynamax - | $ 5,000.00 |
| Electrical repair of roof exhaust - | $    717.00 |
| Emergency generator repair - | $    650.00 |
| Ans[u]l system - | $ 2,403.00 |
| HVAC stripped of internal components | $ 6,600.00 |
| **TOTAL** | **$54,123.00** |

Defendant[']s counter complaint is dismissed with prejudice. Defendant sought to make a claim for breach of an alleged oral contract to sell real property. Costs are assessed to the Defendant.

On December 14, 2011, the Holders filed a "Motion to Award Attorney Fees and Return of Neon Signs," seeking $21,500.00 in attorney fees as well as reinstallation of, or reimbursement for, neon signs allegedly removed by S & S. On that same day, however, S & S filed a "Motion to Alter or Amend and for Entry of a Final Order" and supporting memorandum. Beyond seeking its attorney fees, S & S essentially asked the court to set

[3]In its "Brief in Support of Damages," the Holders sought over $30,000.00 for alleged damage, beyond ordinary wear and tear, to *multiple* doors at both locations.

[4]The Gallatin Asset List states that "1 Hood System with 3 Foot Chargrill, 3 Foot Grill, Double Burner" located in the "Snack Bar" is to be conveyed to S & S. It is unclear whether the trial court intended to conclude that the Ansul system is a part of that "Hood System." If so, the basis of its award to the Holders for the cost to replace the Ansul system removed by S &S is unclear.

aside its damage awards to the Holders based upon the Holders' alleged failure to sufficiently prove causation and damage amounts. S & S further argued that a dispute persisted regarding the ownership of ceratin assets and it requested that the court

> resolve in favor of S & S the remaining issues in this case, including: dissolving the Temporary Restraining Order entered by the Court on June 14, 2011 (the "Injunction"); awarding S & S all of the items of personal property that were subject of the Injunction; and clearing title to all the items of personal property that are in dispute by issuing a declaratory order that S & S is the owner of those items and is entitled to possession of them.

On January 19, 2012, a hearing was held on the Holders' Motion to Award Attorney Fees and Return of Neon Signs" as well as on S & S's "Motion to Alter or Amend and for Entry of a Final Order." Thereafter, the trial court entered an order awarding the Holders their requested $21,500.00 attorney fee, but denying their request for the return of certain signs, finding that the "issue was not raised at the original trial by evidence." Finally, the trial court declined to "change its findings of fact" and it stated, despite S & S's contrary assertion, that "[t]here are no remaining issues" in need of resolution. S & S timely appealed to this Court.

## II.  ISSUES PRESENTED

Appellant S & S presents the following issues for review:

1.  Whether the disputed items of property were conveyed by the Holders to S & S pursuant to the Contract for Sale and the Bills of Sale, which transferred to S & S " . . . all other chattels and assets not otherwise specified herein and necessary to operate . . ." the businesses?

2.  Whether the damages awarded by the trial judge were precluded by the leases, which: do not impose any duty on S & S to replace capital items; do not require the premises to be surrendered in better condition than they were at the beginning of the Leases; and excuse S & S from liability for ordinary wear and tear and reasonable wear and tear?

3.  Whether the Holders failed to prove they were entitled to damages and failed to prove the amount of their purported damages?

4.  Whether attorneys' fees and costs should have been awarded to S & S instead of to the Holders?

5.      Whether S & S was entitled to recover expenses it incurred in reasonable reliance upon the Holders' promise to sell property to S & S?

For the following reasons, we conclude that this Court lacks jurisdiction in this matter, and therefore, we dismiss this appeal.


## III.   DISCUSSION

Rule 3 of the Tennessee Rules of Appellate Procedure provides that "if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable[.]" Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990).

T. R. Civ. P. 52.01 states: "In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." The Advisory Comment notes: "No longer must counsel request the judge to make findings of fact and conclusions of law in nonjury trials."

At trial, the ownership of numerous assets allegedly damaged, improperly removed, or wrongfully left behind was highly disputed. In its order, the trial court found that bathroom fixtures were not sold to S & S. However, beyond this determination, it failed to resolve the asset ownership issue. The trial court simply rendered damage awards with regard to some assets without determining the ownership thereof. Even if we could imply a finding of ownership by the Holders as to these assets, ownership of other items, including doors and emergency exit lights, nonetheless, remains unaddressed. Moreover, the trial court did not resolve the ownership of other assets subject to the Temporary Restraining Order. Because the trial court did not make findings as contemplated by T. R. Civ. P. 52.01, and did not resolve ownership claims with reference to all of the disputed property, this court is precluded from a meaningful review of the issues presented in this case. Because of the failure to adjudicate the ownership claims, we find the order appealed is not a final judgment, and therefore, that this Court lacks jurisdiction in this matter. Consequently, we must dismiss this appeal and remand to the trial court for appropriate findings and entry of a final order.

## IV. CONCLUSION

For the aforementioned reasons, we find that the order appealed is not a final judgment, and therefore, that this Court lacks jurisdiction in this matter. Thus, we must dismiss this appeal and remand to the trial court for appropriate findings and entry of a final order. Costs of this appeal are taxed equally to the Appellees, James D. Holder and Barbara L. Holder and to Appellant, S & S Family Entertainment, LLC, and its surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.